JOLLEY URGA WIRTH WOODBURY & STANDISH
3800 Howard Hughes Parkway, Suite 1600, Las Vegas, NV 89169
Telephone: (702) 699-7500 Fax: (702) 699-7555

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GMAC, LLC,

Plaintiff,

vs.

MARY LOU BOSCH; SUSAN R. BOSCH, HERBERT L. BOSCH, JR., individually and as Trustee of the Bosch Family Trust Dated December 16, 1994; LEE A. BOSCH, individually and as Successor Trustee of the Bosch Family Trust Dated December 16, 1994; THE BOSCH FAMILY TRUST Dated December 16, 1994,

Defendants.

Case No. 3:08-cv-00662-LRH-VPC

**STIPULATION AND ORDER FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS**

**(First Extension)**

Plaintiff GMAC, LLC ("GMAC"), by and through its attorneys, Jolley Urga Wirth Woodbury & Standish, and Herbert L. Bosch, Jr., individually and as Trustee of the Bosch Family Trust Dated December 16, 1994, Lee A. Bosch, individually and as Successor Trustee of the Bosch Family Trust Dated December 16, 1994, and the Bosch Family Trust Dated December 16, 1994 (collectively referred to hereinafter as "Defendants"), by and through their attorneys, Hoffman, Test, Guinan & Collier, hereby stipulate and agree as follows:

1. Defendants filed their Motion to Dismiss Complaint on January 20, 2009.

2. As set forth in GMAC's Complaint, on October 23, 2008, Bosch Motors, Inc. ("Bosch Motors") filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code, Case No. BK-08-52022-GWZ (the "Bankruptcy Proceeding").

3. GMAC is a secured creditor in the Bankruptcy Proceeding.

4. After the Bankruptcy Proceeding was filed, GMAC filed the complaint in this action against Defendants asserting that Defendants are guarantors of certain obligations owing by Bosch Motors to GMAC.

5. After the complaint was filed in this action, GMAC and Bosch Motors entered into negotiations to resolve motions for relief from stay filed by GMAC in the Bankruptcy Proceeding and a motion for authority to use cash collateral filed by Bosch Motors in the Bankruptcy Proceeding.

6. After negotiations, GMAC and Bosch Motors agreed upon a Stipulated Interim Order re Use of Cash Collateral and Granting of Replacement Lien; and re Motion for Relief from Automatic Stay and Second Motion for Relief from Automatic Stay in the Bankruptcy Proceeding (the "Stipulated Order"). A true and correct copy of the Stipulated Order is attached hereto as Exhibit 1.

7. The Stipulated Order provides that GMAC will stay its claims in this proceeding while certain Bosch Motors assets are liquidated in the Bankruptcy Proceeding. The Stipulated Order states in pertinent part at Paragraph 22:

> Notwithstanding the foregoing, so long as there is no Event of Default, GMAC shall not take any action against the non-debtor guarantors or non-debtor borrowers under the Loan and Security Agreements and Wholesale Plan to enforce or collect any amounts due under such documents, and shall stay any further action in that case entitled GMAC v. Mary Lou Bosch, et al., Case No. 08-00662 pending in the United States District Court for the District of Nevada ("Litigation"). Upon any uncured Event of Default, as provided in Paragraphs 16 and 17 above, GMAC may without further advance notice pursue all of its rights and remedies as to any non-debtor guarantors and non-debtor borrowers, including those in the Litigation. (Emphasis added.)

8. The purpose of the Stipulated Order in the bankruptcy proceeding is to allow Bosch Motors to liquidate certain collateral and to apply the proceeds of such collateral to GMAC's claim

JOLLEY URGA WIRTH WOODBURY & STANDISH
3800 Howard Hughes Parkway, Suite 1600, Las Vegas, NV 89169
Telephone: (702) 699-7500 Fax: (702) 699-7555

JOLLEY URGA WIRTH WOODBURY & STANDISH
3800 Howard Hughes Parkway, Suite 1600, Las Vegas, NV 89169
Telephone: (702) 699-7500 Fax: (702) 699-7555

in the Bankruptcy Proceeding. The liquidation process will take approximately 60 days. At the end of the 60-day period, GMAC and Bosch Motors will reassess the results of the liquidation in order to determine the status of GMAC's claim in the bankruptcy proceeding.

9. The purpose of the liquidation is to reduce GMAC's claim, which reduction may ultimately result in a dismissal of GMAC's claims against Defendants in this action. Further, a stay of this proceeding for 75 days will allow Defendant Lee Bosch, a principal in Bosch Motors, to concentrate his time and efforts on the resolution of the Bankruptcy Proceeding.

10. Based upon the foregoing, the parties assert that good cause exists to extend the time for GMAC to respond to Defendants' Motion to Dismiss.

11. This is the first request for extension of time in this proceeding.

NOW THEREFORE, IT IS HEREBY STIPULATED, by and between the parties hereto, through their respective counsel, that Defendants and GMAC agree to enlarge and otherwise extend the time permitted for GMAC to file its Opposition to Defendants' Motion to Dismiss.

IT IS FURTHER STIPULATED that GMAC will have until April 22, 2009, to file its Response to Defendants' Motion to Dismiss.

HOFFMAN, TEST, GUINAN
& COLLIER

By: /s/ John A. Collier, Esq.
John A. Collier, Esq.
429 West Plumb Lane
P.O. Box 187
Reno, Nevada 89504
Attorneys for Defendants

Dated: 2/5/09

JOLLEY URGA WIRTH WOODBURY
& STANDISH

By: [signature]
Brian E. Holthus, Esq.
3800 Howard Hughes Pkwy., #1600
Las Vegas, Nevada 89169
Attorneys for Plaintiff

Dated: 2-5-9

Case No. 3:08-cv-00662-LRH-VPC

**ORDER**

Based upon the above stipulation of the parties, and good cause appearing, and there being no just reason for delay:

IT IS HEREBY ORDERED that GMAC shall have until April 22, 2009, to file a response to Defendants' Motion to Dismiss Complaint.

DATED this 9th day of February, 2009.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

JOLLEY URGA WIRTH WOODBURY & STANDISH
3800 Howard Hughes Parkway, Suite 1600, Las Vegas, NV 89169
Telephone: (702) 699-7500 Fax: (702) 699-7555

# EXHIBIT 1

STEPHEN HARRIS, ESQ.
BELDING, HARRIS & PETRONI LTD.
Nevada Bar No. 001463
CHRIS D. NICHOLS, ESQ.
Nevada Bar No. 003123
417 W. Plumb Lane
Reno, NV 89509
Telephone: (775) 786-7600
Facsimile: (775) 786-7764
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>BOSCH MOTORS, INC.,<br>a Nevada corporation,<br><br>Debtor. | Case No. BK-08-52022-GWZ<br>Chapter 11<br><br>**STIPULATED INTERIM ORDER RE USE OF CASH COLLATERAL AND GRANTING OF REPLACEMENT LIEN; AND RE MOTION FOR RELIEF FROM AUTOMATIC STAYAND SECOND MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Hearing Date: 2/2/09<br>Hearing Time: 2:00 p.m. |

Debtor Bosch Motors, Inc.'s ("Debtor") Motion for Authority to Use Cash Collateral and Secured Creditor General Motors Acceptance Corporation's Motion for Relief from Automatic Stay and Second Motion for Relief from Automatic Stay came



LAW OFFICES OF
BELDING, HARRIS
& PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO,
NEVADA 89509
(775) 786-7600

before the Court on February 2, 2009, at 2:00 p.m., after having been duly noticed for hearing to all creditors and interested parties. Debtor was represented by Chris D. Nichols, Esq. of Belding Harris & Petroni, Ltd. Secured Creditor General Motors Acceptance Corporation ("GMAC") was represented by Brian E. Holthus, Esq. of Jolley Urga Wirth Woodbury & Standish. Other appearances were noted on the record.

The Court, having considered Debtor's Motion for Authority to Use Cash Collateral, GMAC's opposition thereto, and GMAC's Motions for Relief from Automatic Stay, Debtor's oppositions thereto, the representations of the parties at the hearing, and finding that the Motions were properly noticed, and good cause appearing, it is hereby ordered as follows:

**RECITALS**

A. Petition. On October 23, 2008 (the "Petition Date"), the Debtor commenced the above-captioned Chapter 11 bankruptcy case by filing a voluntary petition with the United States Bankruptcy Court for the District of Nevada. The Debtor is continuing in possession of its property, and operating and managing its business, as debtor-in-possession pursuant to Bankruptcy Code sections 1107 and 1108. No Trustee or Examiner or Creditors' Committee has been appointed.

B. Jurisdiction. This Court has jurisdiction over this Chapter 11 case, and the parties and property affected hereby, pursuant to 28 U.S.C. §§ 157(b) and 1334. This proceeding constitutes a core proceeding as defined in 28 U.S.C. §157(b)(2). Venue of this bankruptcy case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Debtor. Debtor operates an automobile dealership with related service and parts department.

LAW OFFICES OF BELDING, HARRIS & PETRONI, LTD. ATTORNEYS AT LAW 417 WEST PLUMB LANE RENO, NEVADA 89509 (775) 786-7600

D. GMAC's Claim. As of the Petition Date, the Debtor was indebted to GMAC in the approximate amount of $4,968,472.00 the ("Prepetition Indebtedness"). The Prepetition Indebtedness includes various loan, financing and security agreements with the Debtor, or related principals and entities of the Debtor in which Debtor guaranteed the obligations of the Debtor's principals and related entities and liabilities. The various loan and financing transactions are summarized (but are not limited) as follows:

a. On June 15, 1990, GMAC and Debtor entered into a Wholesale Security Agreement. Under the Wholesale Security Agreement, Debtor agreed to upon demand pay GMAC the amount it advances or is obligated to advance to the manufacturer or distributor for each vehicle with interest at the rate per annum designated by GMAC from time to time with respect to Debtor's vehicle inventory. Debtor's obligations under the June 15, 1990 Wholesale Security Agreement were personally guaranteed by Mary Lou Bosch and Herbert L. Bosch pursuant to a personal guaranty dated June 13, 1990.

b. On October 16, 1992, GMAC and Debtor entered into an Amendment to Wholesale Agreement.

c. On June 17, 1992, GMAC and Debtor entered into a Wholesale Security Agreement.

d. On June 17, 1993, GMAC and Debtor entered into an Amendment to Wholesale Security Agreement.

LAW OFFICES OF
BELDING, HARRIS
& PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO,
NEVADA 89509
(775) 786-7600

e. On April 6, 1994, Debtor entered into a Security Agreement in favor of GMAC, granting GMAC a security interest in all of Debtor's inventory.

f. On September 9, 1994, Debtor executed a First Amendment to Wholesale Security Agreement in favor of GMAC.

g. On November 4, 1994, GMAC and Debtor entered into an Amendment to Wholesale Security Agreement.

h. On June 6, 1997, GMAC and Debtor entered into an Amendment to Wholesale Security Agreement.

i. On December 14, 2000, GMAC and Debtor entered into a General Security Agreement in which Debtor granted GMAC a security interest in Debtor's inventory and other collateral. In connection with the General Security Agreement, Lee A. Bosch and Mary Susan R. Bosch executed a Guaranty in favor of GMAC on December 14, 2000.

j. On July 31, 2006, The Bosch Family Trust dated December 16, 1994 executed a $2,261,250.00 Promissory Note in favor of GMAC. Debtor guaranteed the Trust's obligations under the Promissory Note.

k. On July 7, 2006, Debtor executed a Loan Agreement in favor of GMAC in the amount of $73,259.08.

l. On July 7, 2006, Debtor executed a Loan Agreement in favor of GMAC in the amount of $52,644.70.

LAW OFFICES OF
BELDING, HARRIS & PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO, NEVADA 89509
(775) 786-7600

m. On August 16, 2006, Debtor entered into a Security Agreement in favor of GMAC granting GMAC a security interest in all of Debtor's assets, including Debtor's vehicle inventory.

n. On August 18, 2006, Debtor, as guarantor, The Bosch Family Trust dated December 16, 1994, as borrower, Herbert L. Bosch, Jr., as individual guarantor, Lee A. Bosch, as individual guarantor, and Susan R. Bosch, as individual guarantor, entered into a Cross Default and Personal Property Cross-Collateralization Agreement.

The foregoing Agreements are collectively referred to as the "Loan and Security Agreements".

E. Out of Trust Sales. Prior to the Petition Date, Debtor sold 28 vehicles "out of trust". That is, Debtor failed to timely transfer the sales proceeds to GMAC pursuant to the terms of the Wholesale Agreement and Wholesale Security Agreement, as amended and referenced in Paragraph D above ("Wholesale Plan"). Debtor believes the balance owing to GMAC on the out of trust sales as of January 29, 2009 is approximately $692,568.27 (the "Out of Trust Balance"), and Debtor and GMAC are conferring to determine this balance.

F. Post-Petition Interest and Insurance Charges. Pursuant to GMAC's Wholesale Plan, Debtor is obligated to pay monthly interest and insurance charges to GMAC. Debtor failed to make any interest or insurance charges after the Petition Date. The amount owing for post-petition interest and insurance charges as of December 31, 2008 is $63,538.81 (the "Post-Petition Interest and Insurance Balance").

LAW OFFICES OF
BELDING, HARRIS & PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO, NEVADA 89509
(775) 786-7600

G. Floor Plan Amount. The Floor Plan Amount is the balance owed to GMAC for financing of the Floored Vehicles.

H. GMAC's Security and Prepetition Collateral. The Prepetition Indebtedness is secured by the Loan and Security Agreements and UCC-1 Financing Statements filed with the Nevada Secretary of State, granting GMAC a first priority security interest in and to substantial of all of the assets of the Debtor. The UCC-1 Financing Statements include:

a. an initial financing statement dated April 14, 1994 and related amendments and continuations thereto.

b. an initial financing statement dated September 15, 1994 and amendments and continuations related thereto.

c. an initial financing statement dated December 22, 2000 and a continuation and amendment related thereto.

d. an initial financing statement dated September 13, 2006 and an assignment related thereto.

The Loan and Security Agreements and UCC-1 Financing Statements constitute a first priority encumbrance on all of the Debtor's equipment, machinery, fixtures, inventory, vehicle inventory, deposits, account(s), chattel paper, general intangible(s), computer equipment, and all other personal property, including proceeds and products of each (the "Prepetition Collateral"). The financing statements referenced above are collectively referred to as the "Financing Statements".

I. The Prepetition Collateral includes new and used vehicles subject to GMAC's floor plan financing agreement the ("Floored Vehicles"). The Floored Vehicles

LAW OFFICES OF
BELDING, HARRIS & PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO,
NEVADA 89509
(775) 786-7600

consist of new vehicles which are eligible for return to General Motors pursuant to NRS Chapter 482 (the "New Floored Vehicles") and new and used vehicles which are not eligible for return to General Motors pursuant to NRS Chapter 482 (the "Used Floored Vehicles").

J. The Prepetition Collateral also includes Debtor's used vehicle inventory in which GMAC holds a perfected first priority security interest, but which are not Floored Vehicles (the "Non-Floored Vehicles"). GMAC's Prepetition Collateral also includes a first priority security interest in Debtor's open account with General Motors (the "Open Account"). As of January 29, 2009, the balance of the Open Account is in the minimum amount of approximately $152,000.

K. Need for and Uses of Cash Collateral. As a result of GMAC's liens upon, and security interests in, the Prepetition Collateral, and by virtue of Bankruptcy Code section 363(c)(2), the Debtor is unable to use the "Cash Collateral" (as such term is defined below) without the consent of GMAC or the authorization of the Court after notice and a hearing. The Debtor has an immediate need for the use of Cash Collateral for the preservation of the bankruptcy estate and the maintenance and continued operation of its business to pay employees, suppliers, current debt service to GMAC, and other trade creditors on a current post petition basis for Debtor's ordinary course of business day to day operations.

**AUTHORIZATION TO USE OF CASH COLLATERAL**

Based upon the foregoing findings and conclusions, and good cause appearing therefore,

LAW OFFICES OF BELDING, HARRIS & PETRONI, LTD. ATTORNEYS AT LAW 417 WEST PLUMB LANE RENO, NEVADA 89509 (775) 786-7600

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** , on an interim basis until a hearing on the JOINT MOTION TO APPROVE COMPROMISE AND SETTLEMENT PURSUANT TO BANKRUPCY RULE 9019 is held to approve the STIPULATED FINAL ORDER RE USE OF CASH COLLATERAL AND GRANTING OF REPLACEMENT LIEN; AND RE MOTION FOR RELIEF FROM AUTOMATIC STAY AND SECOND MOTION FOR RELIEF FROM AUTOMATIC STAY, as follows:

1. Incorporation. The Recitals contained above are incorporated herein by this reference.

2. Indebtedness. The Debtor hereby acknowledges and agrees that the Debtor is liable to GMAC in the full amount of the Prepetition Indebtedness.

3. Validity of Claims. Subject only to the rights of interested third parties, the Debtor acknowledges and agrees to the following:

3.1 The Prepetition Indebtedness constitutes an allowed claim under the Bankruptcy Code.

3.2 The Prepetition Indebtedness is secured by a valid, perfected, and indefeasible, first priority security interest in Prepetition Collateral except as provided below.

4. Rights of Interested Parties. Notwithstanding the provisions above, any interested third party, other than the Debtor shall have the right, pursuant to the provisions of the Bankruptcy Code, to file with the Bankruptcy Court and serve on the Debtor and GMAC any motions, complaints or objections with respect to amount of the Prepetition Indebtedness, the extent, validity or priority of GMAC's security interest in the Prepetition Collateral, or against GMAC (including, without limitation, any claims of

LAW OFFICES OF
BELDING, HARRIS & PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO, NEVADA 89509
(775) 786-7600

the estate under sections 510, 541, 544, 547, 548, 549, 550, or 553 of the Bankruptcy Code). Any such claims, causes of actions or objections shall set forth the legal and factual basis therefore.

a. Collection and Use of Cash Collateral: DIP Account. For purposes of this Order, "Cash Collateral" includes, without limitation, available cash, negotiable instruments, documents of title, securities, chattel paper, deposit accounts, or other cash equivalents whenever acquired in which the Debtor has an interest, and includes any and all proceeds, products, offspring, rents or profits of property and all fees, charges, accounts or other payments on the Prepetition Collateral or otherwise generated by or derived from the Prepetition Collateral. Effective on the Court's Entry of this Order (the "Approval Date"), and subject to the provisions this Order, GMAC consents to the use by the Debtor of the Cash Collateral *nunc pro tunc* to the Petition Date for the payment of Debtor's payroll and all related taxes, GMAC debt service, U.S. Trustee fees, Debtor's post petition legal and professional fees (as approved by the Court), and other ordinary and necessary business expenses for Debtor's operations.

5. Adequate Protection to GMAC. As adequate protection for the expected diminution in value of the interests of GMAC, in compliance with section 506(b) of the Bankruptcy Code, and in consideration of consent to the Debtor's use of the Cash Collateral as set forth in this Stipulation (a) GMAC is hereby granted a replacement lien (the "Postpetition Lien") and on each and all of the Debtor's Postpetition assets, including, but not limited to, the Open Account, rents, accounts, inventory, vehicle inventory, general intangibles, documents, instruments, equipment, payment intangibles, fixtures, investment property, all deposit accounts with any bank or financial

LAW OFFICES OF
BELDING, HARRIS & PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO, NEVADA 89509
(775) 786-7600

institution and the contents thereof, and all cash and other property deposited therein, all books, records, ledger cards (collectively, the "Postpetition Collateral") and any and all proceeds of such Postpetition Collateral, with such Postpetition Lien being a perfected security interest in and to the Postpetition Collateral having the same extent, validity and priority as GMAC had in the Prepetition Collateral on the Petition Date; provided, however, that the Postpetition Lien and Postpetition Collateral shall exclude any causes of action, claims, recoveries, or rights of the Debtor's bankruptcy estate under Chapter 5 of Title 11 and specifically sections 506, 544, 547, 548, 549, 550, and/or 553 of the Bankruptcy Code, and (b) under section 507(b) of the Bankruptcy Code, if the protection granted above is insufficient to satisfy in full the claim of GMAC, GMAC will be granted an allowed claim under section 503(b) of the Bankruptcy Code in the amount of any such insufficiency. Such claim shall have the priority provided by section 507(b) of the Bankruptcy Code, and no claim for costs or expenses of administration that have been or may be incurred in this case, any conversion of this case to a case under chapter 7 of the Bankruptcy Code, or otherwise, and no priority claims, are or will be senior to or on a parity with any such claim of GMAC, subject only to fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930 and fees or costs owing to the Clerk of the Court.

6. <u>No Postpetition Debt; No Other Liens.</u> The Debtor represents that it will not incur any post-petition indebtedness, whether pursuant to section 364 of the Bankruptcy Code or otherwise, other than post-petition professional fees and costs, and fees to the Office of the United States Trustee, and agrees not to seek court approval of any such

LAW OFFICES OF
BELDING, HARRIS & PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO, NEVADA 89509
(775) 786-7600

post-petition indebtedness on an ex parte or short notice basis except with prior approval by GMAC.

7. Prepetition Collateral Use Approval. GMAC recognizes that Debtor may have, after the Petition Date, continued to use Cash Collateral to operate its business despite the prohibition of such use. Debtor and GMAC agree that to the extent Debtor used Cash Collateral, Debtor will submit an accounting within 10 days of entry of this Order all Cash Collateral, as well as any and all expenditures made. Debtor agrees retroactively with respect to such expenditures that it shall be under the same obligations, terms and conditions as set forth herein as though previous use of Cash Collateral were made pursuant to this Order.

8. Debtor-in-Possession Accounts. Debtor has opened Debtor-in-Possession accounts in accordance with the guidelines of the United States Trustee. Debtor shall deposit all revenue, rents, cash, income, profit, or other monies obtained in the course of business or otherwise in the Debtor-in-Possession account(s).

9. Reporting. Debtor shall provide GMAC with a monthly report comparing actual to budgeted use of Cash Collateral. Debtor shall also provide by the 20th of each month, commencing January 20, 2009, and monthly thereafter, the following:

9.1 Copies of the Debtor's monthly operating reports submitted to the Office of the United States Trustee;

9.2 Any other financial information reasonably requested by GMAC, including without limitation Debtor's interest in any joint venture, limited liability company or other entity, foreign or domestic.

Debtor shall provide such other information as reasonably requested by GMAC.

LAW OFFICES OF BELDING, HARRIS & PETRONI, LTD. ATTORNEYS AT LAW 417 WEST PLUMB LANE RENO, NEVADA 89509 (775) 786-7600

10. Nunc Pro Tunc. GMAC provides its consent to the use of Cash Collateral in connection with the bankruptcy filing. Accordingly, the relief granted in the Court's Order shall be effective as of the Petition Date.

11. No Surcharge. Debtor and any successors, excluding any trustee appointed by the Court, shall not be permitted to surcharge GMAC's Collateral or the Post-Petition Collateral under Bankruptcy Code §§506(c), 552(a) or otherwise, without GMAC's written consent, which GMAC may withhold in its sole discretion.

12. Termination of Franchise and Return of Floored Vehicles and Parts

12.1 Immediately upon entry of this Order, Debtor will take all steps necessary and appropriate to terminate its franchise with General Motors and return the New Floored Vehicles to General Motors pursuant to NRS Chapter 482. After Debtor's termination notice is given to General Motors, and before General Motors takes delivery of the New Floored Vehicles (the "Interim Termination Period"), Debtor may continue to sell the New Floored Vehicles. However, GMAC will hold titles to the New Floored Vehicles, and Debtor shall not sell any of the New Floored Vehicles for less than the floor plan amount. The entire proceeds of sales of New Floored Vehicles during the Interim Termination Period shall be paid directly to GMAC to reduce the Floor Plan Amount, with any surplus balance remaining after payment in full of the Floor Plan Amount to then be applied to those balances remaining for interest and insurance as set forth in Paragraphs 13.1

LAW OFFICES OF
BELDING, HARRIS
& PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO,
NEVADA 89509
(775) 786-7600

and 13.6 below until paid in full, and then to the Out of Trust Balance until paid in full. The entire proceeds of the compensation due to Debtor from General Motors for the return of the New Floored Vehicles shall be paid directly to GMAC to reduce the Floor Plan Amount.

12.2 In connection with the termination of its General Motors franchise, Debtor will immediately deliver the Used Floored Vehicles to GMAC. GMAC will liquidate the Used Floored Vehicles and apply the proceeds to reduce the Floor Plan Amount until the Floor Plan Amount is paid in full with any remaining surplus balance to be applied to those balances remaining for interest and insurance as set forth in Paragraphs 13.1 and 13.6 below until paid in full, and to then be applied to the Out of Trust Balance until paid in full.

12.3 In connection with this termination of its General Motors franchise, Debtor will return its inventory of parts, accessories, and special tools to General Motors as set forth in NRS 482.363521. The proceeds of the return of the parts and accessories shall be placed in Debtor's Open Account, which proceeds shall then be paid directly from the Open Account to GMAC to reduce the Out of Trust Balance and the Floor Plan Amount and the interest and insurance amounts set forth in Paragraphs 13.1 and 13.6 below.

13. <u>Payments to GMAC</u>.

13.1 As additional adequate protection of GMAC's interests in the

LAW OFFICES OF
BELDING, HARRIS
& PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO,
NEVADA 89509
(775) 786-7600

Collateral, Debtor shall pay the Post-Petition Interest and Insurance Balance to GMAC no later than April 6, 2009, as provided below.

13.2 As additional adequate protection of GMAC's interests in the Collateral, Debtor shall reduce the sum of the Out of Trust Balance, the Floor Plan Amount, and the interest and insurance amounts set forth in Paragraphs 13.1 and 13.6 herein to a total of $300,000 no later than April 6, 2009. In the event the proceeds of the return and liquidation of the Floored Vehicles plus the proceeds of the return of the parts and accessories are insufficient to reduce the sum of the Out of Trust Balance and the Floor Plan Amount and the interest and insurance amounts set forth in Paragraphs 13.1 and 13.6 herein to a total of $300,000, Debtor shall liquidate a sufficient portion of its Non-Floored Vehicles and pay the proceeds of such liquidation directly to GMAC in such an amount as is necessary to reduce the sum of the Out of Trust Balance, the Floor Plan Amount and the interest and insurance amounts set forth in Paragraphs 13.1 and 13.6 herein to a total of $300,000 within the time limits set forth in this Order.

13.3 As additional adequate protection of GMAC's interests in the Collateral, Debtor shall pay to GMAC monthly debt service, interest and insurance as and when due under the Loan and Security Agreements and the Wholesale Plan, in addition to those amounts otherwise provided in this Order.

13.4 As additional adequate protection, Debtor shall pay $15,000 to

LAW OFFICES OF
BELDING, HARRIS & PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO,
NEVADA 89509
(775) 786-7600

GMAC on the first business day of each month beginning April 1, 2009. Such monthly payments shall be applied to the Out of Trust Balance, any remaining Floor Plan Amount, and the interest and insurance amounts as set forth in Paragraphs 13.1 and 13.6 herein and shall continue until the sum of the Out of Trust Balance, the Floor Plan Amount, and the interest and insurance amounts as set forth in Paragraphs 13.1 and 13.6 herein is paid in full.

13.5 As additional adequate protection, GMAC shall collect the present balance, and any future balances, of the Open Account and apply the proceeds to reduce the Floor Plan Amount until paid in full, and then to those balances remaining for interest and insurance set forth in Paragraphs 13.1 and 13.6 below until paid in full, with any remaining balance to then be applied to the Out of Trust Balance.

13.6 As additional adequate security, Debtor shall pay, subject to the Court's approval, pre-petition interest and insurance charges accrued under the Wholesale Plan in the amount of $56,131 to GMAC no later than April 6, 2009 as provided above.

14. No other charges. All terms of the Loan and Security Agreements shall remain in full force and effect and remain binding, except when inconsistent with an express provision of this Order.

15. Assurances. Debtor shall, after the date of this Order: (a) provide notice to GMAC as soon as practicable of the occurrence of any Event of Default (hereinafter defined) or any event known to Debtor or its counsel which, with the passage of time or

LAW OFFICES OF
BELDING, HARRIS & PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO, NEVADA 89509
(775) 786-7600

giving of notice, or both, would constitute an Event of Default; (b) oppose any appeal or other challenge to the Stipulation or to the Court's order approving the Stipulation, including any action taken to amend, modify, or vacate the Stipulation or the Court's Order without GMAC's written consent; and (c) only incur indebtedness reasonably necessary for the operation of Debtor's business.

16. Events of Default. Debtor's authority to use Cash Collateral pursuant to the Order shall terminate five (5) business days after the occurrence and continuation of any of the following events (unless such event is cured), each of which shall constitute an Event of Default:

16.1 After entry of this Order Debtor violates any of the material provisions of the Loan and Security Agreements, except for those defaults waived by GMAC;

16.2 Debtor's chapter 11 case is converted to a case under chapter 7 of the Bankruptcy Code;

16.3 The Court authorizes the appointment of a chapter 11 trustee for Debtor's estate;

16.4 Any lien, security interest or priority purported to be created by this Order shall, for any reason, cease to be valid and enforceable in accordance with the original terms of this Order; or subsequent orders are entered by this Court amending, modifying, supplementing, vacating, or staying this Order without the written consent of GMAC;

16.5 This Court enters an order:

LAW OFFICES OF
BELDING, HARRIS
& PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO,
NEVADA 89509
(775) 786-7600

16.5.1 granting relief from the automatic stay applicable under Bankruptcy Code §362 to the holder of any security interest or lien senior or pari passu to GMAC's security interest in or lien upon any of Debtor's assets without the prior written consent of GMAC; or

16.5.2 granting any lien or security interest that is senior or pari passu to any lien held by GMAC in any collateral or any other assets without the prior written consent of GMAC;

16.6 Debtor files a plan of reorganization which does not incorporate the provisions of this Order.

16.7 Debtor files any motion or takes any action inconsistent with this Order; or

16.8 Debtor defaults in the performance of any of its obligations set forth in this Order.

17. Effect of Default. Upon the occurrence and continuation of any Event of Default past the applicable cure period, such occurrence shall be deemed to be an Event of Default and Debtor's authority to use Cash Collateral shall immediately and automatically terminate, provided, however, that any Event of Default may be waived by written waiver executed by GMAC. Upon the receipt by the Debtor of any such written waiver, Debtor's authority to use Cash Collateral shall be retroactively reinstated as if no Event of Default had occurred.

17.1 In the event of Debtor defaults on its obligation to provide payment to GMAC of the monthly debt service as and when due under the

LAW OFFICES OF
BELDING, HARRIS & PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO, NEVADA 89509
(775) 786-7600

Loan and Security Agreements, including interest on the outstanding principal balance of the GMAC loans or other adequate protection payments ordered by the Court ("Payment Default"), GMAC or its counsel may send a Notice of Default by electronic mail, facsimile copy, U.S. Mail or hand-delivery to Debtor's counsel.

17.2 If Debtor fails to cure the Payment Default within five (5) business days of the date of delivery of such notice, GMAC may, in addition to the remedies set forth above, file a Declaration of Noncompliance, stating under penalty of perjury that the Debtor has failed to make payment(s) and has failed to cure after five (5) business days from the Notice of Default.

17.3 Notwithstanding the foregoing provisions of Paragraphs 16 or 17, if, at any time after entry of this Order Debtor sells a vehicle out of trust, GMAC may immediately submit an ex-parte order terminating the automatic stay.

17.4 Notwithstanding the foregoing provisions of Paragraphs 16 or 17, if Debtor fails to timely reduce the Out of Trust Balance, any remaining Floor Plan Amount and the interest and insurance amounts set forth in Paragraphs 13.1 and 13.6 herein to a total of $300,000 as described in Paragraph 13.2 above, or fails to timely deliver any of the $15,000 monthly payments described in Paragraph 13.4, GMAC may immediately submit an ex-parte order terminating the automatic stay.

LAW OFFICES OF
BELDING, HARRIS & PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO, NEVADA 89509
(775) 786-7600

18. Section 364(e) of the Bankruptcy Code. Having been found to have acted in good faith in agreeing to the terms of this Stipulation, GMAC shall be entitled to the full protection of section 363(m) of the Bankruptcy Code with respect to the Debtor's grant of the Postpetition Liens created and authorized by this Order in the event that this Order or any authorization contained in this Order is stayed, vacated, reversed, or modified on appeal. Any stay, modification, reversal, or vacating of this Order will not affect the validity of any obligation of the Debtor incurred under this Order.

19. No Waiver by Any Party. This Order does not prejudice the right of GMAC to seek relief from the automatic stay of section 362 of the Bankruptcy Code, or any other relief in this case, including demands for adequate protection, objections and claims relating to applications or motions for adequate protection, or the use, sale, or other disposition of the Cash Collateral or the Post-Petition Collateral. Except as otherwise expressly set forth in this Order, this Order is not a waiver or modification of any of the rights of GMAC, and GMAC does not have any obligation or duty to any other entity to exercise of any of its rights, remedies, claims, powers, benefits, and privileges. Delay in or failure to exercise any of their rights, remedies, claims, powers, benefits, or privileges does not constitute a waiver, nor subject GMAC to any liability to any entity, and no other entity may rely upon any delay or failure or in any way seek to assert a defense to any obligation owing based on any delay or failure.

20. Successors and Assigns; Survival. The provisions of this Order shall be binding upon and inure to the benefit of GMAC and the Debtor and its estate, and the respective successors and assigns of each of the foregoing.

LAW OFFICES OF
BELDING, HARRIS
& PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO,
NEVADA 89509
(775) 786-7600

21. Modification of Order. The terms and conditions set forth in this Order may not be altered, modified, or affected without the prior written consent of the Debtor and GMAC. If any or all of the provisions of this Order are hereafter modified, vacated, terminated, amended or stayed, the authority of Debtor to use Cash Collateral shall cease immediately thereupon; provided, however, that no such occurrence shall affect, limit or modify (a) the validity of any claim for any amounts of Cash Collateral used pursuant to this Order, or (b) the validity, enforceability, priority or perfection of any lien or security interest granted under this Order, and further provided that GMAC may determine, in its sole discretion, that any modification of the kind described above is immaterial and shall not cause consent to the use of Cash Collateral hereunder to cease.

22. No Agreement to Provide Financial Accommodation. No provision of this Order shall in any way impose upon GMAC any duty or obligation to provide any financing or financial accommodation to Debtor or any other party, to collect, sell, lease or otherwise dispose of any of GMAC's collateral, to proceed against any party, person, individual or entity, to proceed against or exhaust any security held by GMAC, or any other party, person, individual or entity, or to otherwise pursue any action, right or remedy in GMAC's power whatsoever. Notwithstanding the foregoing, so long as there is no Event of Default, GMAC shall not take any action against the non-debtor guarantors or non-debtor borrowers under the Loan and Security Agreements and Wholesale Plan to enforce or collect any amounts due under such documents, and shall stay any further action in that case entitled GMAC v. Mary Lou Bosch, et al., Case No. 08-00662 pending in the United States District Court for the District of Nevada

LAW OFFICES OF
BELDING, HARRIS
& PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO,
NEVADA 89509
(775) 786-7600

("Litigation"). Upon any uncured Event of Default, as provided in Paragraphs 16 and 17 above, GMAC may without further advance notice pursue all of its rights and remedies as to any non-debtor guarantors and non-debtor borrowers, including those in the Litigation.

23. Consent and Mutual Agreement. Whenever any action may be taken under this Order upon the prior written consent of GMAC or the prior mutual written agreement of the parties, the action may be taken without any further notice or action or order of the Bankruptcy Court.

24. Neutral Construction. Each of the parties hereto has been involved in the negotiation, review, and execution of this Order and each has had the opportunity to receive independent legal advice from attorneys of its choice with respect to the advisability of making and executing this Order. In the event of any dispute or controversy regarding this Order, the parties hereto shall be considered to be the joint authors of this Order and no provision of this Order shall be interpreted against a party hereto because of authorship.

25. Headings. The parties acknowledge that the headings set forth herein are for convenience only and shall not be used to limit, define, or interpret the rights and responsibilities of the parties hereunder.

26. Power of Representatives. Any party executing this Order in a representative capacity warrants that he or she is duly authorized and empowered to do so.

27. Survival of Obligations. The provisions of this Order and any actions taken in accordance with this Order survive entry of any order that may be entered: (a)

LAW OFFICES OF
BELDING, HARRIS & PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO,
NEVADA 89509
(775) 786-7600

confirming any plan in any case of any Debtor; (b) converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; or (c) dismissing this case. Unless otherwise ordered by the Bankruptcy Court, the claims and liens on the Cash Collateral and the Postpetition Collateral continue in full force and effect and maintain their priority until all the obligations owed under the terms of the Loan and Security Agreements and this Order are paid in full.

28. Binding Effect. This Order is binding on and inures to the benefit of the Debtor, its estate, any representative of the Debtor or its estate, any Trustee appointed in this case, whether under Chapter 11 or Chapter 7, any Examiner with expanded or special powers to operate the Debtor's business appointed in this case, GMAC, and their respective successors and assigns.

Dated: February 5TH, 2009

JOLLEY URGA WIRTH WOODBURY & STANDISH

By: ______________________
Brian E. Holthus, Esq.
3800 Howard Hughes Pkwy., #1600
Las Vegas, Nevada 89169
Attorneys for GMAC

BELDING, HARRIS & PETRONI, LTD.

By: ______________________
Chris D. Nichols, Esq.
417 W. Plumb Lane
Reno, Nevada 89509
Attorneys for Debtor

###

LAW OFFICES OF
BELDING, HARRIS & PETRONI, LTD.
ATTORNEYS AT LAW
417 WEST PLUMB LANE
RENO, NEVADA 89509
(775) 786-7600